

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-2-2006

# Hudson v. McKeesport Pol Chief

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5311

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Hudson v. McKeesport Pol Chief" (2006). *2006 Decisions.* Paper 962.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/962

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-221                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5311
_____

HUBERT HUDSON; ROBERTA HUDSON;
SHEALIASSIA WILLIAMS

v.

MCKEESPORT POLICE CHIEF; MAYOR BREWSTER;
DENNIS WYN; T. BARLETIC; CITY OF
MCKEESPORT POLICE DEPT.; DAVID FATH

HUBERT HUDSON, Appellant
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-1611)
District Judge: Honorable Gary L. Lancaster
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
May 11, 2006

BEFORE: FUENTES, VAN ANTWERPEN and *ROTH, <u>CIRCUIT JUDGES</u>

(Filed June 2, 2006)
_____

OPINION
_____

_____

* Judge Roth assumed senior status on May 31, 2006

PER CURIAM

Hubert Hudson appeals from the District Court's order dismissing his complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B). On November 29, 2005, the District Court dismissed Hudson's pro se complaint because "[his] handwritten complaint quite frankly is indecipherable." Hudson v. McKeesport Police Dept., No. 05-01611 slip op. at 3 (W.D. Pa.). Because the District Court did not give Hudson an opportunity to amend his complaint prior to its ultimate dismissal as required by Grayson v. Mayhew State Hosp., 293 F.3d 103 (3d Cir. 2003), we will summarily reverse.

On November 22, 2005, Hudson filed a handwritten pro se complaint along with a motion to proceed in forma pauperis. Although the complaint is admittedly difficult to understand, we can discern some, but not all of, the claims in the complaint. Hudson alleged that, on September 2, 2005, Dennis Wyn of the McKeesport Police Department entered his home without a warrant or probable cause and wrongfully arrested him using excessive force. According to Hudson, Wyn "grabed [sic] my neck, hand cuffed, throwr [sic] the [sic] ground by way of, knight stick [sic], back of right knee/legs" and "kicked in the face while the [sic] ground." (Compl. at 4.) He also claimed that Magistrate Barletic uses his office to enrich himself and the town by collaborating with racist police officers to force local African-Americans to plead guilty to "bogus charges." (Compl. at 5.) Finally Hudson claimed that there is a conspiracy between Magistrate Barletic and the Mayor of McKeesport involving the local police and housing authority to intimidate and harass the town's African-American population. (Compl. at 6-7.)

2

Even if the District Court is correct and the "complaint is so confusing that no party could possibly understand or reply to it," slip op. at 3, the proper remedy is not immediate dismissal. Rather, prior to dismissing a pro se complaint under § 1915(e), a district court must give the plaintiff an opportunity to amend his pleading to cure the defect unless such an amendment would be futile or prejudicial. See Grayson, 293 F.3d at 108; Shane v. Fauver, 213 F.3d 113, 117 (3d Cir.2000). Nor can the District Court avoid this obligation by dismissing a pro se complaint under Fed. R. Civ. P. 8(a).[1] See Simmons II v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995). The particular defect identified by the District Court in Hudson's complaint, its illegibility, can surely be cured in an amended complaint. Hudson could do so by simply borrowing a typewriter, using the computer at the local library, or having a friend with better penmanship write the complaint by hand. Further, since the complaint was never served on the defendants, such an amendment would not be prejudicial.

In short, upon consideration of the record below, we conclude that this appeal presents us with no substantial question. See Third Circuit L.A.R. 27.4 and I.O.P. 10.6. Accordingly, we will summarily reverse the District Court's order and remand the case for further proceedings.

---

[1]Although we need not decide precisely which ones at the moment, we believe that some of the claims in Hudson's complaint, liberally construed, would satisfy Fed. R. Civ. P. 8(a)'s requirement that a complaint must include a short plain statement of each claim. See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (holding that allegations in a pro se complaint "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers").