

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-10-2007

# Hudson v. McKeesport Pol Chief

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4099

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Hudson v. McKeesport Pol Chief" (2007). *2007 Decisions.* Paper 598.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/598

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-4099

———————

HUBERT T. HUDSON; ROBERTA HUDSON;
SHEALIASSIA WILLIAMS

v.

McKEESPORT POLICE CHIEF; MAYOR BREWSTER; DENNIS WYN;
T. BARLETIC; CITY OF McKEESPORT POL DEPT.; DAVID FATH

Hubert T. Hudson,
Appellant

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Civil Action No. 05-cv-1611
(Honorable Gary L. Lancaster)

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2007

Before: SCIRICA, Chief Judge, FUENTES and SMITH, Circuit Judges

(Filed August 10, 2007)

———————

OPINION OF THE COURT

———————

PER CURIAM.

Hubert Hudson appeals from the District Court's order dismissing his complaint for the second time pursuant to 28 U.S.C. § 1915(e)(2)(B). We will vacate the order and remand.

Previously we described Hudson's complaint:

On November 22, 2005, Hudson filed a handwritten pro se complaint along with a motion to proceed in forma pauperis. Although the complaint is admittedly difficult to understand, we can discern some, but not all of, the claims in the complaint. Hudson alleged that, on September 2, 2005, Dennis Wyn of the McKeesport Police Department entered his home without a warrant or probable cause and wrongfully arrested him using excessive force. According to Hudson, Wyn "grabed [sic] my neck, hand cuffed, throwr [sic] the [sic] ground by way of, knight stick [sic], back of right knee/legs" and "kicked in the face while the [sic] ground." (Compl. at 4.) He also claimed that Magistrate Barletic uses his office to enrich himself and the town by collaborating with racist police officers to force local African-Americans to plead guilty to "bogus charges." (Compl. at 5.) Finally Hudson claimed that there is a conspiracy between Magistrate Barletic and the Mayor of McKeesport involving the local police and housing authority to intimidate and harass the town's African-American population. (Compl. at 6-7.)

Hudson v. McKeesport Police Chief, 182 F. App'x 124, 125-26 (3d Cir. 2006).

The District Court dismissed this complaint, finding that it did not conform to the requirements of FED. R. CIV. P. 8(a) and was "so confusing or unintelligible that no party could possibly understand or reply to it." Hudson v. McKeesport, No. 05-01611 slip op. at 3 (W.D.Pa. November 29, 2005). We reversed, finding that " [e]ven if the District Court is correct and the 'complaint is so confusing that no party could possibly understand or reply to it,' slip op. at 3, the proper remedy is not immediate dismissal."

2

Hudson, 182 Fed. App'x at 126. We held that "prior to dismissing a pro se complaint under § 1915(e), a district court must give the plaintiff an opportunity to amend his pleading to cure the defect unless such an amendment would be futile or prejudicial." Id. We also noted that, liberally construed, some of his claims satisfied the requirements of Rule 8(a). Id.

On remand, the District Court issued an order that read in its entirety: "[a]nd now, this 10th day of June, 2006, IT IS HEREBY ORDERED that plaintiffs shall file an amended complaint in the instant case on or before June 30, 2006." One week later Hudson filed a one-page handwritten document titled "amended complaint." Hudson's "amended complaint" does not reference his previous complaint, or any of the events described therein. Instead it includes what appear to be discovery requests and complaints about an unspecified ongoing judicial proceeding.[1] The District Court found that the amended complaint was incomprehensible and, under the same rationale as before, dismissed the case.[2]

---

[1]Based on his informal brief filed in this appeal, we believe that the judicial proceeding that he referred to in the amended complaint was probably an eviction proceeding. (App. Br. at 3.)

[2]We have jurisdiction to consider this appeal pursuant to 28 U.S.C. § 1291. Our review of a District Court's dismissal under § 1915(e)(2)(B) is plenary. Allah v. Severling, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm the District Court on any ground supported by the record. Tourscher v. McCullough, 184 F.3d 236, 239 (3d Cir. 1999).

We find that the District Court erred in dismissing Hudson's case without considering whether his original complaint satisfied FED. R. CIV. P. 8(a)'s pleading standards.

Fed. R. Civ. P. Rule 8(a) requires that a complaint include "a short and plain statement of the claim showing that the plaintiff is entitled to relief," and Rule 8(f) instructs district courts that "[a]ll pleadings shall be so construed as to do substantial justice." A plaintiff's complaint "must simply give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(quotations omitted). Allegations in a pro se complaint "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal quotations and citations omitted); see also Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002).

Hudson's complaint includes some claims that would give fair notice to the defendants. Hudson alleges that, on September 2, 2005, Officer Dennis Wyn violated his Fourth Amendment rights by entering his home without a warrant or probable cause, falsely arresting him, and using excessive force. He also alleges that Mayor James Brewster, the City of Mckeesport, the Police Chief, and the McKeesport Police Department are liable because this sort of behavior is a custom in the Department and is

4

done with Mayor Brewster's consent.[3]  See Bd. of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 405 (1997).

However, we will affirm the District Court's dismissal of Hudson's complaint with respect to its claims against Magistrate Barletic and David Fath – presumably of the McKeesport Housing Authority.  Hudson's claims against David Fath fail to meet the minimal standard of Rule 8(a).  Hudson merely includes Fath in the caption of his complaint and does not provide any basis for a claim against him.  Hudson's claims against Magistrate Barletic must be dismissed because they do not state any claim upon which relief can be granted.[4]  Section 1915(e)(2).  He does not plead any basis from which a conspiracy with the police to violate African-American residents' constitutional rights can be inferred.  See D.R. by L.R. v. Middle Bucks Area Vocational Technical School, 972 F.2d 1364, 1377 (3d Cir. 1992).  His other claims against Magistrate Barletic all relate to the Magistrate's performance of his judicial duties and are, therefore, barred by judicial immunity.  See  Mireles v. Waco, 502 U.S. 9, 12 (1991).

---

[3]"Mckeesport Police Dept. have beaten, maim[ed], mali[c]ously blacken[ed], eyes etc[.], with the consent, of, Brewster.  He allows warrantless, arrest, inva[s]ions [of] private properties, homes, apts. without cause. "  (Comp. at 6.)

[4]Hudson claims that Magistrate Barletic is part of a conspiracy with the police to intimidate and harass African-Americans.  In this conspiracy, the police falsely arrest residents of the Mckeesport Housing Authority who are brutalized, intimidated, and then forced to plead guilty to "bogus charges."  (Compl. at 5, 7.)  Hudson also claims that the Magistrate violated his rights while presiding over the criminal proceedings that resulted from his arrest by Officer Wyn.  (Compl. at 3,7.)

5

Accordingly, we will vacate the District Court's order in part, affirm in part, and remand for further proceedings.